■ CONCOURSE REHABILITATION & NURSING CENTER, INC., et al., Respondents-Appellants, v ANTONIA C. NOVELLO, M.D., Individually and as Commissioner of the New York State Department of Health, Appellant-Respondent. [846 NYS2d 25]—

Order, Supreme Court, Bronx County (Yvonne Gonzalez, J.), entered on or about February 16, 2006, which, in this dispute concerning Medicaid reimbursement for patients with quadriplegia not caused by spinal cord injury or disease, granted defendants' cross motion for partial summary judgment to the extent of dismissing plaintiffs' claims alleging that defendants improperly controverted the patient review instruments (PRI) of patients plaintiffs had classified as quadriplegic and declaring that there was a rational basis for the exclusion of non-spinal cord injured patients from classification as quadriplegic on the PRIs, and which granted plaintiff's motion for partial summary judgment to the extent of declaring that defendant Department

of Health (DOH) must determine if an alternative diagnosis was applicable to those patients whose diagnosis of quadriplegia was struck from the PRI in the May 1996 audit, and if so, to substitute the appropriate diagnosis into the PRI, and directing DOH to calculate the reimbursement rate based upon the corrected PRIs, unanimously modified, on the law, plaintiffs' motion for partial summary judgment denied, and defendant's cross motion for partial summary judgment granted to the extent of dismissing plaintiffs' claims relating to the audit of the PRIs from May of 1996 and converting challenges to the results of the audit of the May 1999 PRIs into a separate proceeding pursuant to CPLR article 78, and otherwise affirmed, without costs.

Dismissal of the claims advanced by plaintiffs insofar as they relate to defendants' audit of plaintiffs' PRIs from May of 1996 was warranted since the claims were time-barred. The challenges to defendants' controversion of certain quadriplegia cases on the basis that the diagnosis of quadriplegia was available only for those patients who had a spinal cord injury or disease should have been raised in a proceeding pursuant to CPLR article 78, and were subject to a four-month statute of limitations (CPLR 217 [1]; *see New York City Health & Hosps. Corp. v McBarnette*, 84 NY2d 194 [1994]). Although plaintiffs had commenced an action in 2001 seeking, inter alia, declaratory relief regarding defendants' audit of their PRIs from May 1995, defendants' determinations involving the audit of the PRIs from May 1996 were not communicated to plaintiffs until October 2003. Not only did plaintiffs fail to bring an article 78 proceeding to challenge the audit of the PRIs from May 1996, they also never moved to amend their complaint to include a claim relating to this audit. Because defendants had not yet even conducted the subject audit at the time that plaintiffs originally filed the complaint, the pleading could not reasonably have placed defendants on notice that plaintiffs intended to contest the controversions of certain patients that were issued in October of 2003 (CPLR 203 [f]). Furthermore, under the circumstances, any remaining challenges that plaintiffs may have to the results of the audit of their May 1999 PRIs must be converted into a separate proceeding under CPLR article 78 (CPLR 103 [c]).

Were we not dismissing plaintiffs' claims on timeliness grounds, we would affirm the motion court's finding that defendants' determination to place into the special care hierarchy for Medicaid reimbursement purposes only those patients whose quadriplegia is attributable to spinal cord injury or spinal cord disease was not arbitrary, capricious, irrational, or in viola-

tion of the law (*see Matter of UCP-Bayview Nursing Home v Novello*, 2 AD3d 643, 645-646 [2003]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Lippman, P.J., Andrias, Nardelli, Gonzalez and Kavanagh, JJ.